UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HELAYNE SEIDMAN,

                    Plaintiff,

- against -

BABBLE MEDIA, INC.

                    Defendant.

Docket No. _____

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff Helayne Seidman ("Seidman" or "Plaintiff") by and through her undersigned counsel, as and for her Complaint against Defendant Babble Media, Inc., ("Babble" or "Defendant") hereby alleges as follows:

### NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of two copyrighted photographs of Ciro Ortiz, owned and registered by Seidman, a New York City based photojournalist. Accordingly, Seidman seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

### JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant resides in and/or are doing business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Seidman is a professional photojournalist in the business of licensing her photographs to online, print, and television stations for a fee, having a usual place of business at 16 St. Marks Place, Apt. 4B, New York, New York 10003. Seidman's photographs have appeared in many publications around the United States.

6. Upon information and belief, Babble is a foreign business corporation duly organized and existing under the laws of the State of Delaware, with a place of business at 520 Broadway, 9th Floor, New York, New York 10012. Upon information and belief, Babble is registered with the New York Department of State, Division of Corporations to do business in the State of New York. At all times material hereto, Babble has owned and operated a website at the URL: www.babble.com (the "Website").

## STATEMENT OF FACTS

### A. Background and Plaintiff's Ownership of the Photographs

7. On December 11, 2016, Seidman photographed 11-year-old Ciro Ortiz sitting at his table offering counseling on the train platform in Brooklyn (the "Photographs"). A true and correct copy of the Photographs is attached hereto as Exhibit A.

8. Seidman is the author of the Photographs and has at all times been the sole owner of all right, title and interest in and to the Photographs, including the copyright thereto.

9. The Photographs has a pending Copyright Registration Number 1-4376247088. See Exhibit B.

10. The copyright fee has been paid and the work has been deposited with the Copyright Office.

### B. Defendant's Infringing Activities

11. Upon information and belief, in December 2016, Babble ran an article on the Website entitled *New Yorkers Flock to 11-Year-Old Offering Emotional Adviceto Subway Riders*. See https://www.babble.com/parenting/emotional-advice-kid-new-york-subway/. The article prominently featured the Photographs. A true and correct copy of the article is attached hereto as Exhibit C.

12. Babble did not license the Photographs from Plaintiff for its article, nor did Babble have Plaintiff's permission or consent to publish the Photographs on its Website.

**CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST BABBLE)**
**(17 U.S.C. §§ 106, 501)**

13. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-12 above.

14. Babble infringed Plaintiff's copyright in the Photographs by reproducing and publicly displaying the Photographs on the Website. Babble is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photographs.

15. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

16. Upon information and belief, the foregoing acts of infringement by Babble have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

17. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

18. Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Photographs, pursuant to 17 U.S.C. § 504(c).

19. Plaintiff further is entitled to his attorney's fees and full costs pursuant to 17 U.S.C. § 505.

20. Defendant's conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured in money damages. Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant Babble be adjudged to have infringed upon Plaintiff's copyrights in the Photographs in violation of 17 U.S.C §§ 106 and 501;

2. Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photographs; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

3. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

4. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

5. That Plaintiff be awarded pre-judgment interest; and

6. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
       February 22, 2017

                                                          LIEBOWITZ LAW FIRM, PLLC

                                                          By: /s/Richard Liebowitz
                                                               Richard P. Liebowitz
                                                        11 Sunrise Plaza, Suite 305
                                                        Valley Stream, NY 11580
                                                        Tel: (516) 233-1660
                                                        RL@LiebowitzLawFirm.com

                                                        *Attorneys for Plaintiff Helayne Seidman*